# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| SARAH PATTON, ERICA KITTS, and MARILEE HARRISON, individually and on behalf of all similarly-situated persons, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| SERVICESOURCE DELAWARE, INC. d/b/a SERVICESOURCE INTERNATIONAL, INC. | ) ) ) ) |
| Defendant. | ) ) |

Civil No.: 3:15-cv-01013

MAGISTRATE JUDGE FRENSLEY

CLASS AND COLLECTIVE ACTION COMPLAINT

JURY TRIAL DEMANDED

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL OF RULE 23 CLASS ACTION CLAIMS AND CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES

This matter comes before the Court on the unopposed Motion of Plaintiffs, individually, and on behalf of all similarly-situated persons, for a final order and judgment 1) approving the parties' Settlement Agreement (the "Settlement") filed with the Court on January 24, 2019 (Doc. No. 124-1), which resolves the Tennessee state law breach of contract claims of members of the Rule 23 Settlement Class who did not timely opt out of the Settlement (the "Rule 23 Settlement Class Members") against Defendant for failing to pay them for all hours worked (the "Rule 23 Class Claims"),[1] 2) approving the service awards to Named Plaintiffs and select opt-in Plaintiffs as set forth in the Settlement, and 3) approving Class Counsel's attorney's fees and expenses. After reviewing the Settlement and other related materials submitted by Plaintiffs in support thereof, and

---

[1] This Order does not affect the parties' Supplemental Settlement Agreement which is the basis of Plaintiffs' Motion for Preliminary Settlement Approval of Supplemental Rule 23 Class Action Claims and for Preliminary Approval of Supplemental FLSA §216(b) Collective Action Claims which is currently pending before this Court. (Doc. No. 130.)

otherwise being fully informed in the premises, the Plaintiffs' Motion is granted, and the Court rules as follows pursuant to Fed. R. Civ. P. 23:

1. This Court has jurisdiction over the subject matter of this litigation and over all Parties to these actions pursuant to 28 U.S.C. § 1367(a), including all members of the Rule 23 Settlement Class defined as:

> those individuals who were employed by ServiceSource as a Sales Account Representative, Senior Sales Representative, Strategic Representative, Renewal Sales Representative, Renewal Sales Specialist, Strategic Sales Specialist, Customer Success Associate, Customer Success Representative, Customer Success Specialist, Sales Associate, Sales Representative, or Channel Engagement Specialist in Nashville, Tennessee between September 21, 2009 through October 17, 2018. Members of the FLSA Collective may also be a part of the Rule 23 Settlement Class, however any member of the FLSA Collective's recovery under the Rule 23 Settlement Class would be limited to the weeks they were employed in one of the positions listed above between September 21, 2009 and the beginning of their individual FLSA Recovery Period.

2. The Court finds that the Rule 23 Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3). The Court certifies the Rule 23 Settlement Class for purposes of settlement of this action only.

3. The Court-Supervised Notice (the "Notice") given to the members of the Rule 23 Settlement Class adequately informed the class members of the terms of the Settlement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies, and their opportunity to file written objections, and to appear and be heard at the final approval hearing regarding the approval of the Settlement. The Notice also adequately informed the members of the Rule 23 Settlement Class of a toll-free number for the Settlement Claims Administrator and a website at which they could access additional information regarding the case and Settlement. The Court finds that the Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(l)(B).

4. After consideration of the seven factors identified in *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007), the Court hereby approves the proposed Settlement and finds it to be fair, reasonable and adequate to all members of the Rule 23 Settlement Class. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral. In addition, the Court finds that the absence of any objections to the Settlement and significant support for the Settlement by the Rule 23 Settlement Class supports final approval of this Settlement.

5. The Court finds that the common fund settlement amount of $3,750,000 (the "Gross Settlement Amount"), of which up to $1,607,750 benefits the Rule 23 Settlement Class and is to be paid based upon a "claims made" procedure, constitutes a fair and reasonable settlement of the claims asserted by named Plaintiffs on behalf of the Rule 23 Settlement Class Members.

6. The Court approves disbursement of service payments from the Gross Settlement Amount of $15,000 to each of the Named Plaintiffs Sarah Patton, Erica Kitts, and Marilee Harrison Tice; and of $1,000.00 to each of the following opt-in Plaintiffs: Cristina Landry, Brooke Belcher, Elizabeth Francis Miller, Cory Jones, and Brittni Gill, and find these amounts are adequate compensation for the time, effort, and risk in prosecuting these actions and for resolving their claims in this case.

7. The Court approves the disbursement of attorney's fees of $1,312,500 from the Gross Settlement Amount as reasonable in light of the extensive time and efforts employed by Class Counsel, the results obtained, and the elevated risk of non-payment they incurred due

3

Case 3:15-cv-01013   Document 138   Filed 06/05/19   Page 3 of 5 PageID #: 1702

to the complex nature of the issues presented here. The Court also finds that Class Counsel's hours and rates are reasonable given the length and complexity of the case, and that the resulting lodestar of approximately $780,000, which yields a lodestar multiplier of 1.68, is reasonable and below the 2.0 to 5.0 multiplier range that courts within the Sixth Circuit have approved in common fund cases such as this.

8. The Court approves the disbursement from the Gross Settlement Amount of $5,000 for litigation expenses and costs to Class Counsel.

9. The Court hereby dismisses all claims released in the parties' Settlement on the merits and with prejudice, except as provided in the Settlement and the parties' Supplemental Settlement Agreement.

10. The Court orders that any member of the Rule 23 Settlement Class who did not timely opt-out of this case, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "Rule 23 Releasing Persons") hereby and forever release, discharge, relieve, covenant not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendant; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendant (including, without limitation, all entities named in any and pleadings in this matter); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, based on any theory whatsoever,

which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages under Tennessee state or local law, as well as any common law and any other claims for unpaid wages which accrued from September 21, 2009 up through and including October 17, 2018.

11. The individuals identified by the declaration of the Settlement Administrator Melissa E. Baldwin (Doc. No. 134-1) have timely opted out of the Settlement. These individuals are excluded from the class certified herein and are not bound by the terms of the Settlement.

12. This case is hereby dismissed with prejudice, except as provided in the Settlement and the Supplemental Settlement Agreement.

13. The Court shall reserve jurisdiction over this action and the Parties to administer, supervise, interpret and enforce the Settlement and this Order.

It is SO ORDERED.

_____
Jeffery S. Frensley, U.S. Magistrate Judge

NASHVILLE 65755-1 691370v1