**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| SARAH PATTON, ERICA KITTS, and MARILEE HARRISON, individually and on behalf of all similarly-situated persons, | ) ) ) ) | Civil No.: 3:15-cv-01013 |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| v. | ) ) | CLASS AND COLLECTIVE |
| SERVICESOURCE DELAWARE, INC. d/b/a SERVICESOURCE INTERNATIONAL, INC. | ) ) ) ) | ACTION COMPLAINT  JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL**
**SETTLEMENT APPROVAL OF SUPPLEMENTAL RULE 23 CLASS**
**ACTION CLAIMS, SUPPLEMENTAL FLSA §216(b) COLLECTIVE ACTION**
**CLAIMS, AND CLASS COUNSEL'S APPLICATION FOR A SUPPLEMENTAL**
**AWARD OF ATTORNEY'S FEES**

---

This matter comes before the Court on the unopposed Motion of Plaintiffs, individually, and on behalf of all similarly-situated persons, for a final order and judgment 1) approving the parties' Supplemental Settlement Agreement (the "Supplemental Settlement") filed with the Court on May 22, 2019 (Doc. No. 130-1); and, 2) approve Class Counsel's Supplemental Fee Request. After reviewing the Supplemental Settlement and other related materials submitted by Plaintiffs in support thereof, and otherwise being fully informed in the premises, the Plaintiffs' Motion is granted, and the Court rules as follows pursuant to Fed. R. Civ. P. 23:

1. This Court has jurisdiction over the subject matter of this litigation and over all Parties to these actions pursuant to 28 U.S.C. § 1367(a), including all members of the Supplemental Rule 23 and FLSA Settlement Classes defined as:

those individuals who were employed by ServiceSource as a Sales Account Representative, Senior Sales Representative, Strategic Representative, Renewal Sales Representative, Renewal Sales Specialist, Strategic Sales Specialist, Customer Success Associate, Customer Success Representative, Customer Success Specialist, Sales Associate, Sales Representative, or Channel Engagement Specialist in Nashville, Tennessee between September 21, 2009 through October 17, 2018, but did not previously receive notice of the Court's preliminarily approved settlement and did not receive notice of the full amount of the compensation to which they were entitled to under the original Settlement Agreement.

2.     The Court finds that the Supplemental Rule 23 and FLSA Settlement Classes defined above satisfy the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3).[1]  The Court certifies the Supplemental Rule 23 and FLSA Settlement Classes for purposes of settlement of this action only.

3.     The Court-Supervised Notice (the "Notice") given to the members of the Supplemental Rule 23 and FLSA Settlement Classes adequately informed the class members of the terms of the Supplemental Settlement, their right to opt out of the monetary provisions and pursue their own remedies, and their opportunity to file written objections, and to appear and be heard at the final approval hearing regarding the approval of the Supplemental Settlement. The Notice also adequately informed the members of the Supplemental Rule 23 and FLSA Settlement Classes of a toll-free number for the Settlement Claims Administrator and a website at which they could access additional information regarding the case and Supplemental Settlement. The Court finds that the Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(l)(B).

---

[1] Given that Defendant waived the opt in procedure under the FLSA, the parties submitted in their Motion for Preliminary Settlement Approval of Supplemental Rule 23 Class Action Claims and for Preliminary Settlement Approval of Supplemental FLSA Collective Action Claims, which the Court preliminarily approved on May 31, 2019 (Doc. No. 136), that the best course of action was to notice the Supplemental FLSA Settlement Class Members with an opportunity to opt out pursuant to Rule 23 (rather than opt in pursuant to the FLSA) if they chose.  As a result, the Court uses Rule 23, rather than the FLSA, to rule upon Plaintiffs' Motion.

4. After consideration of the seven factors identified in *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007), the Court hereby approves the proposed Supplemental Settlement and finds it to be fair, reasonable and adequate to all members of the Supplemental Rule 23 and FLSA Settlement Classes. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for the Parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Supplemental Settlement has been reached as the result of intensive, arms-length negotiation among the parties. In addition, the Court finds that the absence of any objections to the Supplemental Settlement and significant support for the Supplemental Settlement by the Supplemental Rule 23 and FLSA Settlement Classes supports final approval of this Supplemental Settlement.

5. The Court finds that the common fund supplemental settlement amount of $199,679.49 (the "Gross Supplemental Settlement Amount"), of which up to $137,316.37 benefits the Supplemental Rule 23 and FLSA Settlement Classes, constitutes a fair and reasonable supplemental settlement of the claims asserted by named Plaintiffs on behalf of the Supplemental Rule 23 and FLSA Settlement Class Members.

6. The Court approves the disbursement of attorney's fees of $43,500 from the Gross Supplemental Settlement Amount as reasonable in light of the extensive time and efforts employed by Class Counsel, the results obtained, and the elevated risk of non-payment they incurred due to the complex nature of the issues presented here. The Court also finds that Class Counsel's hours and rates are reasonable given the length and complexity of the case, and that the resulting lodestar which exceeds $63,000, is reasonable.

7. The Court hereby dismisses all claims released in the parties' Supplemental

3

Settlement on the merits and with prejudice.

8. The Court orders that any member of the Supplemental Rule 23 and FLSA Settlement Classes who did not timely opt-out of this case, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns (collectively, the "Supplemental Rule 23 and FLSA Releasing Persons") hereby and forever release, discharge, relieve, covenant not to sue or proceed in any way against, and consent to being enjoined from suing, (i) Defendant; (ii) any current or former subsidiary, parent company, successor, assign, or division of Defendant (including, without limitation, all entities named in any and pleadings in this matter); and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, actions, causes of action (in law or equity), suits, contentions, damages, losses, injuries, obligations, liabilities, demands, debts, judgments, costs and expenses (including attorneys' fees), known or unknown, liquidated or unliquidated, absolute or contingent, accrued or not accrued, based on any theory whatsoever, which they have, will have, had, ever had, claim to have, claim to have ever had, or could in the future claim to have, against any of the Releasees for unpaid wages under Tennessee state or local law, as well as any common law and any other claims for unpaid wages which accrued from September 21, 2009 up through and including October 17, 2018.

9. The individual identified by the declaration of the Settlement Administrator Melissa E. Baldwin (Doc. No. 141-1) has timely opted out of the Supplemental Settlement. This individual is excluded from the class certified herein and is not bound by the terms of the Supplemental Settlement.

4

10.     This case is hereby dismissed with prejudice.

11.     The Court shall reserve jurisdiction over this action and the Parties to administer, supervise, interpret and enforce the Supplemental Settlement and this Order.

12.     The Clerk is directed to enter a final judgment consistent with this Order.

It is SO ORDERED.

_____
Jeffery S. Frensley, U.S. Magistrate Judge

NASHVILLE 65755-1 698522v2